When the plaintiff presented her notice of withdrawal all parties were under the impression that the by-law relating to withdrawals had been legally amended, and acting on that assumption the building association paid, and the shareholder accepted, the full amount due her in accordance with the amended by-law, and she assigned and delivered up to the association her pass books and all her right, title and interest in the stock on the basis of a completed transaction.
The profits accruing to the association on the stock thus withdrawn have been apportioned to the remaining stockholders and actually paid out to those whose stock matured before this claim was made. There is no way of correcting the matter as to the latter. All other withdrawing stockholders received the same treatment. Their rights are on an equality with this plaintiff's.
The fact that several years later the officers of the building association were made aware that the by-law had not been legally adopted and admitted on the trial of the case that such was the fact, is no ground for setting aside at this late date, when it is now impossible to correct the matter without injustice to other innocent shareholders, a completed transaction which, at the time, both parties, with equally good faith and with equal knowledge of the circumstances, had assented to.
I would hold with Judge GLASS of the court below and reverse the judgment.
Judge JAMES and Judge RHODES concur in this dissent. *Page 338